NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0274n.06

No. 12-5725

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ARLENA TIPPIE, | ) | **FILED** |
| | ) | *Mar 19, 2013* |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| TENNESSEE DEPARTMENT OF REVENUE, | ) | District of Tennessee |
| | ) | |
| Defendant-Appellee. | ) | |

Before:    BOGGS, MOORE, and SUTTON, Circuit Judges.

PER CURIAM.  Arlena Tippie appeals the district court's grant of summary judgment in her Title VII action against the Tennessee Department of Revenue.  She claims that her immediate supervisors plotted to fire her and created a hostile work environment after she reported a work-related assault to upper management, resulting in the reprimand of her supervisors.  She asserts that her supervisors' actions were motivated by racial and gender animus.  The district court held that Tippie failed to produce any evidence to support the necessary elements of her *prima facie* case for race- and gender-based discrimination and maintenance of a hostile work environment.  After carefully reviewing the record, we hold that the district court thoroughly and correctly set out the undisputed facts and governing law regarding the merits of Tippie's Title VII claims.  This court's issuance of a full opinion would be duplicative and serve no jurisprudential purpose.  We therefore affirm the grant of summary judgment on the basis of the district court's May 24, 2012 order.  We

further note that, even assuming she could make out a *prima facie* case under Title VII, Tippie has failed to raise a genuine issue of material fact as to the Department's nondiscriminatory reasons for the actions taken against her.

Tippie also challenges the district court's denial of her motion to set aside the judgment under Rule 60 of the Federal Rules of Civil Procedure. The district court correctly observed that plaintiff's counsel failed to offer any reason as to why he neglected to attach Tippie's affidavit to his summary-judgment response brief. Plaintiff's counsel's failure to explain his lapse, coupled with his admission that the contents of Tippie's affidavit would not aid the merits of her case, supports the district court's denial of the motion.[1]

We **AFFIRM** the judgment of the district court.

---

[1]Because plaintiff's counsel filed the motion within 28 days of the district court entering summary judgment against his client, the district court arguably should have construed it as a motion to alter or amend the judgment under Rule 59(e). *See Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001). However, any error in this respect was harmless, as relief under Rule 59(e) is not available to "present evidence that could have been raised prior to the entry of judgment" or if granting the motion "would serve no useful purpose." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. West 2012).